IN THE UNITED STATES BANKRUPCTY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Carter Construction Services, Inc., | ) | CASE NO. 12-91789 |
| | ) | (Chapter 7) |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| First State Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY NO. 13-09046 |
| | ) | |
| Kristin L. Wilson, Engler Meier, Travelers Casualty | ) | |
| and Surety Company of America, Chicago | ) | |
| Flameproof & Wood Specialties Corp, Gordon Inc., | ) | |
| NPOP, INC., Reliable Plumbing and Heating | ) | |
| Company, Security Door and Hardware Co., | ) | |
| Carpenters Local Union #44, Carpenters' Pension | ) | |
| And Retirement Savings Funds of Illinois, Central | ) | |
| Illinois Builders of AGC, Central Illinois | ) | |
| Carpenter's Health and Welfare Trust Fund, Central | ) | |
| Illinois Drug Fund/Southern Illinois Drug Fund, | ) | |
| Central Laborers' Annuity Fund, Central Laborers' | ) | |
| Pension Fund, Central Laborers' Welfare Fund, | ) | |
| Construction Industry Welfare Fund of Central | ) | |
| Illinois, Illinois Laborers' and Contractors Training | ) | |
| Trust Fund, Illinois State Painters Welfare Fund, | ) | |
| International Painters and Allied Trades Industry | ) | |
| Pension Fund, International Union of Painters and | ) | |
| Allied Trades District Council #58, International | ) | |
| Union of Painters and Allied Trades Painters Local | ) | |
| 363, Labor Management Cooperative Institute, | ) | |
| Laborers' International Union of North America | ) | |
| Local 1084, Mid-Central Illinois Joint Labor | ) | |
| Management Substance Abuse Testing Program, | ) | |
| Mid-Central Illinois Regional Council of | ) | |
| Carpenters, Mid-Central Regional Council of | ) | |
| Carpenters Joint Apprenticeship and Training | ) | |
| Committee, Mid-Central Illinois Regional Council | ) | |

| | |
|---|---|
| of Carpenters Promotional Fund, Painters & | ) |
| Glaziers of Central and Southern Illinois Health & | ) |
| Welfare Fund, Painters District Council 58 401(k) | ) |
| Trust Fund, Painters District Council No. 58 Fringe | ) |
| Benefit Funds, Southern Illinois Construction | ) |
| Advancement Program, Southwestern Illinois | ) |
| Laborers Employers Cooperation and Education | ) |
| Trust, United Brotherhood of Carpenters and | ) |
| Joiners of America International Training Fund, | ) |
| United Brotherhood of Carpenters and Joiners of | ) |
| America Management Education and Development | ) |
| Fund, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO ADVERSARY COMPLAINT

NOW COME the Defendants, Illinois State Painters Welfare Fund, International Union of Painters and Allied Trades District Council #58 a/k/a Painters District Council No. 58, International Painters and Allied Trades Industry Pension Fund, Painters District Council No. 58 Fringe Benefit Funds, Painters & Glaziers of Central and Southern Illinois Health & Welfare Fund, Painters District Council 58 401(k) Trust Fund, Labor Management Cooperative Initiative, Central Illinois Drug Fund / Southern Illinois Drug Fund, International Union of Painters and Allied Trades Painters Locals 32, 90, 288, and 363, and all of their respective affiliated fringe benefit funds for which they are a collection agent, or that are set forth in the various applicable union agreements, by and on behalf of the members of Painters Locals 32, 90, 288, and 363, and the participants in the above-referenced fringe benefit funds, by their attorneys, CAVANAGH & O'HARA LLP, and for their Answer to the Adversary Complaint filed by First State Bank, state as follows:

## ANSWER

1. Defendants admit the allegations contained in Paragraph 1.

2.  Defendants admit the allegations contained in Paragraph 2.

3.  Defendants admit the allegations contained in Paragraph 3.

4.  Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 4, and therefore demand strict proof thereof.

5.  Defendants state that Paragraph 5 seeks a legal conclusion for which no answer is required. In further responding, Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 5, and therefore demand strict proof thereof.

6.  Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 6, and therefore demand strict proof thereof. In further answering, Defendants state that the document attached as Exhibits "A" speaks for itself, and any attempt by Plaintiff to re-characterize, restate, explain, or state legal conclusions pursuant to the documents is denied.

7.  Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 7, and therefore demand strict proof thereof.

8.  Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 8, and therefore demand strict proof thereof. In further answering, Defendants state that the documents attached as Exhibits "B" and "C" speak for themselves, and any attempt by Plaintiff to re-characterize, restate, explain, or state legal conclusions pursuant to the documents is denied.

9.  Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 9, and therefore demand strict proof thereof. In further answering, Defendants state that the documents attached as Exhibits "D", "E" and "F" speak for themselves, and any attempt by Plaintiff to re-characterize, restate, explain, or state legal conclusions pursuant

to the documents is denied.

10. Defendants state that Paragraph 10 seeks a legal conclusion for which no answer is required. In the event that an answer is required, Defendants deny the allegations contained in Paragraph 10, and demand strict proof thereof.

11. Defendants admit that Kristin L. Wilson is the Chapter 7 bankruptcy Trustee in this matter. In further responding, Defendants state that the present adversary action speaks for itself.

12. Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 12, and therefore demand strict proof thereof.

13. Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 13, and therefore demand strict proof thereof.

14. Defendants state that Paragraph 14 seeks a legal conclusion for which no answer is required. In the event that an answer is required, Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 14, and therefore demand strict proof thereof.

15. Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 15, and therefore demand strict proof thereof.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit that Travelers Casualty and Surety Company of America has filed a claim in this matter. In further responding, Defendants state that Traveler's claim speaks for itself.

18. Defendant state that the present adversary action speaks for itself.

19. Defendants admit that Debtor has assets that have been collected in the bankruptcy estate.

20.     Defendants admit that the Parties listed in paragraph 20 are named as defendants in this matter.  To the extent that the "records in this case" relate to the proof of claims filed by the Defendants, Defendants deny their claims are "inferior and junior" to the security interest of First State Bank and demand strict proof thereof.  To the extent "real estate records" disclose a potential claim or interest of the Defendants herein, First State Bank has not disclosed specifically the "real estate" related to its security interest.   Therefore Defendants can neither admit nor deny the allegations regarding any security interest of First State Bank in real estate. Defendants further contend any claims against real estate that Defendants have asserted are claims against real estate of third parties and not subject to the jurisdiction of the Bankruptcy Court as the Debtor has no interests and rights to said real estate.

WHEREFORE, the Defendants respectfully pray that the Court enter Judgment in favor of the Defendants and against the Plaintiff, and grant Defendants such further and other relief as may be just and equitable.

Illinois State Painters Welfare Fund, International Union of Painters and Allied Trades District Council #58 a/k/a Painters District Council No. 58, International Painters and Allied Trades Industry Pension Fund, Painters District Council No. 58 Fringe Benefit Funds, Painters & Glaziers of Central and Southern Illinois Health & Welfare Fund, Painters District Council 58 401(k) Trust Fund, Labor Management Cooperative Initiative, Central Illinois Drug Fund / Southern Illinois Drug Fund, International Union of Painters and Allied Trades Painters Locals 32, 90, 288, and 363, and all of their respective affiliated fringe benefit funds for which they are a collection agent, or that are set forth in the various applicable union

    agreements, by and on behalf of the members of Painters Locals 32, 90, 288, and 363, and the participants in the above-referenced fringe benefit funds, Defendants,

By:   s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Defendants
407 East Adams Street
Springfield, IL 62701
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2014, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey D. Richardson
132 South Water Street, Suite 444
Decatur, Illinois 62523
jdrdec@aol.com

By:   s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Defendants
407 East Adams Street
Springfield, IL 62701
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com